Appellee Robert Russo. Mr. Geiger. Thank you, Judge. Thank you, Your Honors, for the opportunity to present the case this morning and discuss it with you. Counsel, if it may please the Court. The case, factually, I think is fairly simple. All the facts pertain to the stipulation that we worked out prior to proceeding to a bench trial. My client's a homeowner that has a residence at Abutza Lake. And when he purchased the property, there were protective covenants and restrictions that were recorded. Covenants and restrictions don't look like what I think most people in their common experience would see if they saw protective covenants and restrictions recorded against a modern subdivision. They're, in fact, quite simple, only two pages long, though they do provide specific restrictions as to what you can build, how far your septic system has to be from the water supply, how long a dock can be that you can't raise horses on your property. Fairly specific provisions in the covenants as to what you can or cannot do. On your own property? On your own property. But here we're talking about a lake that's not his property. We're talking about the lake that Abutza's property, correct. And the status of what the lake should be considered, I think, is another important issue, and one that maybe wasn't discussed enough in the briefs, though it was raised, which is that typically when you have a declaration recorded, it will tell you specifically what is the private property of the owner and what are the common elements, as they're discussed in the cases. Usually it will say something like the areas where you might have sidewalks or open areas. If there was a park, it would say that's a part of the common elements, and here's how we can specifically regulate those common elements. In these covenants and restrictions, there's nothing that says that this lake is, in fact, a common element subject to any rules by any association. I think the fairest interpretation of the status of the lakes, given that this is the only recorded document affecting their right of use, is that anyone abutting the property enjoys riparian rights to use them, and the only restriction to the use of the lake is the restriction to use it reasonably so you don't affect too unreasonably the rights of the other people that abut the lake. So what you're saying is the lake is kind of out there without any ownership? I assume that it's owned, but it isn't a common element in terms of it isn't a common element as part of a declaration. I think the record is silent as to who owns it. But your client doesn't own it. No, my client does not own the lake. This property is simply abuts it. And your client has been a member of this association for 30 years? He's paid dues to the association. So he's been a member of the association for 30 years? He hasn't been since he purchased the property. I think that that's correct, Judge. It could be 30 years. But he's been a member. And has he followed the rules? I'm assuming he has. There hasn't been any other litigation between my client and the association. Is he, in fact, relying on a prior rule in challenging this one? Well, the rule to prohibit the use of tri-tune boats was enacted shortly before this lawsuit was filed. So before that rule was enacted by the association, there would not have been a prohibition on tri-tune boats. And in your complaint, you alleged that there had been this prior rule. That there was a prior – I'm sorry, Judge. There was a rule enacted prohibiting tri-tune boats prior to the filing of the lawsuit. And before there had been a rule about use of boats on the lake that did not prohibit the tri-tune boats? Correct. And there have been a rule? There was a rule regarding the use of watercraft on the lakes. But our argument is that – Well, I was somewhat unclear. The Goose Lake Association, what is it? It's a fair question, Judge, because I think it's unclear. I mean, is it an association that manages Goose Lake? Or is it an association that manages the real property of – what's the other – Lincoln Lake or something? I mean, I'm not – I'm looking at the covenants now. The associate member of Goose Lake Association for $25 a year. And that's – the language in paragraph 10 of the covenants is the only existing language, the only recorded language that gives any indication that there is an association. So there is nothing that defines what the association is, how it's supposed to act, what an authority is to act. There's no recorded declaration in bylaws, as you would typically see. The only reference to any – Is the lake even taxed? I don't know. I don't know if there's taxes being levied against the lakes. Not an actual body of water, is it? I believe that it was strip-mined. Okay.  All right. So it's not – you mentioned riparian rights. It's not a part of a navigable waterway, is it? I believe it's isolated, and it's lakes that were developed from strip mines. Okay. But the case law, I believe, is fairly clear that any restriction that an association – and I use the term association because that's the way it was referred to in litigation. But the restatements, which were referenced by the trial court, recent legislation in Illinois, the Community Interest Association Act, which was discussed in the briefs, both of those things define what an association is. And both, and I think all of the case law, explains that an association is created by the recording of a document. That creates the association. And that restriction on property, which is really what these associations are, is an organization whose job is to restrict your use of property, can only have authority. But that's his property. You know, we have private ownership of real estate in this country. But that lake's not his property, is it? He has the right to use it, I believe, Judge. Where did that right come from? From the fact that his property abuts the lake. Well, as a matter of law, that'd be true on a navigable waterway, but not true on a private lake. So, in other words, where does his right to even use the lake derive? Well, I believe ownership is not of record. I don't believe it's owned by the association. And I know that it's not owned by my client. So, in any event, I don't believe that the association, by any evidence or by the recorded covenants or declaration, would be able to restrict his use of the lake. Well, then, what about Covenant 9? No boat here may extend more than two feet into the waters of the lake. Isn't that a covenant that restricts and or permits use of the lake? I think there probably could be an argument that it restricts the use of the lake and of his property. But it was a clear restriction on the property when the land was purchased. And if there was a restriction on the use of a tri-tuned boat, and the recorded restriction is in covenants, then I don't believe we would have an argument. Well, I think your position, if I heard you correctly at the start of your argument, was that the only thing that can affect your client is the reasonable use of the lake, right? If my client has the right to use it, the riparian right to use it, then I believe the only restriction would be other people's riparian rights. My understanding of the law is that everyone has equal access to water that would abut their property to the extent that they're not unreasonably infringing on the rights of others to use that body of water. That's the reason I made that statement, and that was my argument. But for the association to have any authority to ban my client from use of the lake, to assess fines, to assess fees, things like that, there would need to be authority recorded against his real property. There would need to be some kind of declaration that gave them the authority to do that. It might be that the association cannot prevent my client from using the lake, but there's another third party that could if there is ownership vested somewhere else, which is not a record. But my client's lack of ownership, and if the court believes his lack of riparian rights, would restrict his use. That still would not empower the association to do so. And what we're asking for is a declaratory judgment that indicates that this association does not have the authority to ban my client from using the lake. And their arguments have been that this declaration, the covenant that was recorded, has given implied powers to this association to take that action. And I think that the case law is fairly clear that these covenants need to be construed strictly against the restriction on property, that without the authority specifically in a recorded declaration, an association cannot act and cannot restrict someone's otherwise lawful use of their property or their other property rights. How can we do that if we don't know who owns the lake? I believe the court can declare that the association does not have the authority to restrict my client's use of watercraft by virtue of the recorded declarations and covenants. Because if there was the authority to do that, they would have to be in a recorded document. And ownership of the lake wasn't raised at the trial court. I suspect that there is a deed. Well, before it seems to me, though, before you can start saying about somebody limiting your client's right to use the lake, you've got to establish that some theory under which your client has the right to use the lake to begin with. You can see it's not his property. And it's not a navigable waterway, so I don't think that the riparian owner-type law comes into effect where if you butt a river or even a lake, of course, is part of a navigable waterway, then you have riparian rights. But on a private lake, I don't think that. If I build a lake on my property and I live next door to you and the lake butts up to the property line, it doesn't mean you've got to use my lake on my property. So I'm just wondering where your client's got standing if he doesn't own the lake to complain about anything that goes on in that lake. I think that the standing my client has, Judge, is that the association is threatening the action. My client does not want to purchase this boat and put it in the water under threat that this organization is going to levy fines against him, file a lawsuit, try to specifically enjoin him from taking this action. So as part of my complaint, and I believe that both parties have generally been understanding as this lawsuit has proceeded, is that we would like a decision as to what the authority of the association is before my client takes that action. So you're saying the authority of the association, I assume, okay, since now this is a strip mine property, that somewhere when you go through a chain of title, there was a conveyance by a company to someone, probably subsequent conveyances. And I'm quite sure that there's no description on the deed that says lake. It could be that the parcel was purchased in its entirety and the title still rests with the original developer, if there's never been a conveyance. When I searched title to discover, my only title search was to find specific declarations and covenants against this property. I didn't attempt to trace the chain of title. Presumably you have a meets and bounds description or some type of description of what property your client actually possesses in fee symbol. And he possesses the lot that abuts the lake. So that's a given fact, not disputed. I believe so, Judge. Who owns the lake I think is an unknown in terms of the record. And I suspect that title still either rests with the original developer or if it was conveyed, at least there's no evidence that it was conveyed to any particular person or corporation that we know of. So I understand the concerns of standing with that unknown, given the court's position on what the status of this lake is. I wish I was better educated in riparian rights over what period of time and how those things. What you're saying is this association, we don't know anything about this association apparently? I'm saying that the association, by the fairest reading of the recorded covenants, if this covenant fairly enough suggests that there is an association that has some authority, I think its authority would be limited by the covenants and the specific prohibitions in the declarations and the covenants. That the association could not by implied power start regulating the use of a watercraft on the lake any more than it can restrict decorations at Christmas time on someone's personal property because it simply isn't provided for in the covenants. And there isn't anything in the covenants that says they can make those kinds of rules, which I think would be found in almost every other declaration that would be reviewed in the present, in the other case law. So there's no rulemaking authority in any recorded document, although it references the existence of an association. And actually I think probably the better reading of the covenant is not that the association enforces those things, but the other landowners, subject to the covenant because that's what the covenant said, that the other landowners are supposed to enforce these things and have a cause of action. If I had to guess, I'd say that the homeowners association or this association actually owns the lake and it's considered a common property of this association, assuming it's a homeowners association and that they maintain the lake. But it seems to me that their ability to restrict the use of common areas is a lot different than the ability to restrict the use of your client's personal, his own real estate, his property. I would agree that they're typically treated much differently in recorded covenants and declarations and that there's a higher threshold to meet when you're regulating the use of private property. But I think in order to regulate either, first of all, you have to establish that it is a common element, which I don't think the declaration provides. And secondly, you have to provide some kind of rulemaking authority by an association whose existence I think is implied and not specifically created by the declaration. Wasn't there a statute that required the making of rules and bylaws by organizations like this? There is, and it was enacted recently, the Community Interests Association Act, and that was enacted I think in 2010, which requires that these documents be recorded. Right, but I thought there was a prior statute that required that there be rules and bylaws. Maybe I'm wrong about that. The only law I'm aware of predating the Community Interest Act dealing with these kinds of associations treats them all as simply restrictive covenants, and they're interpreted as restrictions on property. Counsel's time. Thank you, Your Honor. Mr. Russo? Good morning, Your Honor. And thank you for taking the time to hear argument on this case. My name is Robert Russo. I am the attorney for Goose Lake Association, the appellee in this case. If you're not familiar with the community and if you didn't gather from the discussion that we just had, Goose Lake is an area south of Morris in Grenada County, Illinois. It is predominated by these little finger lakes, which are reclaimed strip mines. The waterways are surrounded by residential homes, including the residence purchased by the appellant in 1979. At the time he purchased the home, there were already covenants and restrictions of record, which we discussed briefly, but those were on record since about 1971. Now, the covenants require all property owners to become members of the Goose Lake Association. They require them to pay dues every year. And admittedly, they do not spell out the specific obligations or responsibilities of the association, as many do. I think probably because they were done a long time ago and, you know, as lawyers, we get better as we go along and these things were just kind of at the forefront. They're also silent as to specific powers that the association has. Nevertheless, the association was in existence as a not-for-profit corporation long before the covenants were recorded or before the property was purchased. And as an NFP, they were required to have bylaws by law, and they did have bylaws. And those bylaws require that all members comply with rules and regulations promulgated by the Goose Lake Association. And if you look in the materials, you'll see that the rules and regulations are very comprehensive as to this community and to use of the waterways. They talk about boating, swimming, camping, usage of the lakes in general. Again, as a record, those bylaws were not recorded either at the time that Mr. Ripps purchased the property or at the time this lawsuit was initiated. Now, excuse me. They were recorded or not recorded? They were not recorded, so they are not of record. There's no issue with that. Still, the association has enacted, enforced, and amended these rules many times since the property was purchased. And again, these rules are designed to promote safety on the waterways and prevent overcrowding and use. And they exist for the benefit of all members of the community, including appellant. In 2007, the rules were amended, as was said, to prohibit a specific type of boat, a striped boat. Prior to that time, there were many rules about boats. And again, if you were to look at the rules, they talk about the size of the engine. They talk about the speed of the boat. They talk about all kinds of things. And in fact, for a boat to be placed on the water, they have to be stickered. And the community or the association inspects that. They have a special subcommittee that goes in and inspects the boat and makes sure that it complies with whatever, I guess, safety requirements there are. And all of this has been going on for 40 years. Who makes the rules, Mr. Russo? The association. So the association has a board of directors, and they are able to amend the rules and change them from time to time. And they have subcommittees that handle certain different matters. And the board of directors is made up of homeowners? Correct, Your Honor. All of the people in the association itself, the board, are homeowners, are members of the association. And what's the procedure for making and changing rules? Do all of the homeowners have a chance to vote on that? Homeowners do not vote on rules. Generally what happens is there are board meetings. I believe monthly. I'm not positive about that. But there's publications as to what matters can be discussed in agendas, and people can show up and discuss it. In fact, this matter, when the rule was voted and changed, I know that the appellant had reservations and asked the board to reconsider it, and they did, and they took a vote on the water, and they tested it, and they looked at it, and they decided ultimately that it wasn't safe, and they didn't want it on the waterways. So there are procedures in place. But it is the board itself that makes the decisions as for changing the rule. But the board is representative of the homeowners. They're elected by homeowners. That's correct. And there are only homeowners on the board. So the issue in this case is whether or not the association has the power to adopt these rules absent a specific grant of rulemaking authority in the covenants. And we believe that they do. The trial court believed that they did. Appellant's argument, as you heard, is that because the covenants were silent and because the covenants did not specifically say you can do this or that, therefore you're limited to what's in there and you cannot make rules and regulations. But, again, we're talking about the common areas of the development, not the homeowners' individual property. This can't be the law. It's not the law. And, again, this is the perfect example. We have a common interest community centered around lakes. Lake living is why everyone wants to be there. It's a hot area to be. It always has been. Residents have to share use of the lake. All homeowners just cannot have unfettered use. There would be chaos. There are safety concerns. There's environmental concerns. There's issues of fairness. Can one homeowner have 50 boats and crowd the lake and squeeze everybody out? There has to be a balance between competing activities, when and where could we water ski and where could we fish. Somebody has to play the policeman. And in this case, the policeman is the homeowners' association. And they address these issues. And as a common interest community, they have to have reasonable authority to regulate, again, the common areas. And there's no question here. The waterways are a common area. I know we got to this discussion with Mr. Geiger, who owns the lake. If you were to look at the covenants, even though it doesn't specifically say the lake is owned by the association, in the back it has a long legal description. And that legal description is the area over which the association has authority. And that is basically the entire subdivision. When they sell properties, individual lots, that's what the owner owns. So the lakes are part of the general description included in the covenants. And that's what the association has authority over. Appellant wants to limit the enforcement to the few items in the covenants. And he made a comment, if he didn't, I would have. You know, I've never seen a two-page declaration. I mean, generally, and I know you've seen many, covenants and declarations are biblical in scope and size. And here we've got, you know, where's the rest of it? And that was kind of my reaction when they brought it to my attention. But it is what it is. And it exists. And it does say people who live here are subject to this association. I have a question just back to my original question. I assume that the lot owners are taxed only on a meets and bounds description or whatever of their lot. That is correct. Okay. Is the lake not a taxable? I believe there is a, and I guess, you know, I'm not going to say I know that. I think there is, but I don't know for a fact. Because generally, the counties issue a pin number to all of the common element to the individual's homeowner's association or the developer, as the case may be. And that is not a record, and I apologize to your honors. I don't know the answer to that. I'm assuming that that's not fair. So I'm telling you what I know. There is no Illinois case that states directly whether or not a homeowner's association has implied rulemaking authority over the common elements. Nevertheless, the trial court was able to find the restatement of property, which absolutely unequivocally answers this question. And the restatement says that except as limited by statute or the governing documents, a common interest community has implied power to adopt reasonable rules to govern the use of common property. And that's what we're talking about now. We don't want to impringe upon Mr. Rich's right on his own property, the common property, because we are a community and we need to work together. 6.7, the comments to the restatement. Crystal clear. It says, even in the absence of express grant of authority, like we have here, an association enjoys implied power to make rules in furtherance of its power over common property. It's directly on point. Pellon urges the court not to be persuaded. I think it should be. It claims that this is a drastic deviation from established precedent because it grants common interest communities power to that that contradict general principles against restricting the free use of property for individual owners. But, again, that argument mixes up the difference between covenants which affect individuals' property, which run with the land, so to speak. Well, I mean, it is only by virtue of the homeowners' association that he has any right to use the lake to begin with, right? No. That's my understanding, Your Honor. No. And sometimes I think there's no cases out there because common sense says why would there be? And that's how I look at this case. You know, the association's there. It's been there for 40 years. It's done all these things. It's benefited the community by making these rules. And now we're really saying, you know what, you didn't have a sentence in that document 40 years ago. Take it all away. So out of curiosity, what is it about this boat that is offensive? You understand what a pontoon boat is. And generally they call them party boats. And you've got room for eight or ten people that sit around and they, you know, have some beverages on the boat and they're just enjoying the day. This boat is larger, stronger, and it can go like a speedboat. So the problem is that it can pull water skiers. So now we have a safety concern that we have a large craft pulling water skiers with 15 people drinking. In addition, these lakes, you have to see them, are very narrow. This boat rides extremely high in the water. If I'm low riding and coming at it, I cannot see what's behind it. So if it's pulling a skier, I don't know about it. And I could veer to the right or the left to go around the boat and there's a water skier on my way. In addition, as I understand it, the makeup of the boat is such that you can't have, I guess, a rearview mirror, which, you know, serious water skiers or craft would have that mounted so they can, again, protect the guy riding. It doesn't have that. So it's a safety concern. Well, and I don't know if your homeowner is saying so, but Illinois law doesn't require a boat pulling a skier to have a rearview mirror. You're just going to have another passenger, right? I grew up on a river, so I know something about it. You know more than I do. Drinking in boats. Basically, this is what they call a party barge. That's exactly what it is. But it's a party barge that can also function as a ski boat as well. And, you know, if this was Lake Michigan, then there might be a different issue. But it's not. I mean, these are small lakes, small areas, narrow channels, and there's concerns here. And they have had safety issues in the past, and they take their safety record very seriously. And that's the reason. And, again, the reasonableness of the rule has never been contested. It's not an issue in this case, and it's not a problem here. Even though there's no case law that that specifically says homeowners association has implied authority, there is, I think, important recognition by other courts that we both cited the East Delaware homeowners association case. That's the no dog allowed case in the condominium association. In that case, the association passed a rule prohibiting dog ownership, and even though the covenants were silent as to that, it was challenged and they won. But the important thing to me in that case is the court does have a general discussion about the difference between restrictions that are contained in declarations, again, covenants that run with the land, that affect individual ownership. And they find that those types of restrictions are clothed with a strong presumption of validity because they're in the recorded document. But they also talk about the rules that are promulgated by the board or by the association, that they have to be reasonable in scope. And that's what we're dealing with here, a rule that has to be reasonable. It's not a covenant. It's something else. Counsel, that's two minutes. Thank you very much. Mr. Russo, I have a question. I had asked this question earlier. And I believe that you said when you first started out that the association started like 40 years ago. Yes. And that according to statute, they made rules and enacted bylaws. The not-for-profit act requires that the corporation have bylaws. There was no requirement, however, that rules and regulations be recorded or that the bylaws be recorded. But they did have to be made. They had to be made. Now, analogous but not quite the same thing, the Condominium Property Act has been a longstanding law in Illinois. And that act does have the requirement that the association or the board have bylaws and record them. And that act specifically states that an association or a condo board has the power to make rules and regulations. It's by statute. It's in the Condominium Property Act. That's not the same here because we're a homeowner's association. So under the law, that's considered a common interest community, which is a little bit different animal. It's analogous in my mind, but it's a little bit different. Okay, and referring to the common interest community statute. Yes. That came into effect after all of this happened. That came into effect after all of this happened. So it's not relevant. It's not relevant. But what it does is say that, among other things, that communities like this at some point have to bring themselves into conformity with the requirement that there be rules and bylaws that are recorded. The new act, the 2010 act, that does apply to this if it were timely, says that the bylaws must be recorded. But it gave a time frame, I think it was six months, I'm not sure, for associations to come into compliance and file their bylaws. So clearly the legislature understood there were plenty of associations out there that had bylaws that never recorded them, and it wanted to give them the opportunity to fix it. And I think it also shows a recognition that the law isn't, if you didn't record your bylaws before today, you can't enforce them. Question. You keep saying Goose Lake Homeowners Association. According to this document, it's the Goose Lake Association. It is the Goose Lake Association. I apologize if I misspoke. It's supposed to be a lot easier if somebody decided, is the Goose Lake Association a legal entity? Yes. What does it own? It is a legal entity, yes. Is it not a proper corporation? Right. Yes. I believe it owns all the common areas of the association. We all believe that, but, you know, that's why we have recorded deeds. Well, again, I can't assume that's not fair. I know, I know, but I'm just saying. It was not made an issue. Because that takes, it seems to me, right out of this covenants issue. I understand. Okay. Never mind. All right. My time is up. Thank you very much. Thank you. Mr. Geiger, some rebuttal? Just briefly. I may have already said this initially, and I'm sure that I say it in my brief, but the distinction between the common elements and private property, I think, is less important when there isn't a covenant that allows this organization to restrict either. Well, let me, this kind of tails off. You admit your client doesn't own that ground or line of water he wants to drive his boat on, right? Right. Okay. And, in fact, it is only by virtue of being a part of that homeowner's association or association that he assumes he has a right to go out and go on the lake, right? That's, and I don't know the status of who holds title to the lake. I don't know if there's something recorded against the lake that grants an easement to the people that have bought it. I don't know if the developer recorded something making it available to the homeowners at some point. I just, I don't know what the deeds and recordings against the lake say. And the declaratory action, your declaratory judgment action, only sought to say these people don't have the right to regulate that lake, not that their regulation was, with respect to the boat, was unreasonable. There was three counts. We voluntarily dismissed the two counts that addressed the reasonableness of the rule. So it did not proceed to hearing there was no final judgment on those two counts. All right, so the only thing that went to hearing was whether or not the homeowner's association had the right to limit or regulate the use of watercraft on this lake. And I can say that. And this is brought by a fellow who doesn't own the lake. Possibly against an association that doesn't own the lake either. Well, if I own property, I can't go over there and sue somebody and say defend your right to do whatever you're doing with that property. Well, and I suppose my point is if someone has threatened to sue me for use of any piece of property and I believe I do have the right for whatever reason and I'd like to resolve that issue before I buy the boat and put myself at risk of having a lawsuit filed against me, I think the proper action is to file an action for declaratory judgment and just ask, judge, can this association do what they're saying they're going to do, which is file a lawsuit against me? Is he a member of the association? Yes. Okay. So he's a member of the club. I think it's a voluntary association, but I think he's a member of this club, whatever it is. I'm just trying to metaphor club. He's a member of this association. It says right here, $25 a year, you're a member of the club. And so now he's saying the club can't regulate me as a member? I'm saying, yeah, that this organization cannot create rules above and beyond what's in the recorded documents, whether it's against his property, the account property, or anything else. I think the Lake Barrington case is something I cited in my reply brief. It's a case that deals with the restrictions of common property, and it's someone who built a deck onto the common property, and the court in that case held that because the recorded covenants did not specifically define that area as common property, they couldn't regulate. They couldn't regulate his use of the deck on it, and that's where the analysis of the court ended, was that these are creatures of recorded documents. They can only do what is contained in the recorded documents. That's the limit of their scope of authority, and if there isn't a specific grant of authority, they can't act. And these recorded covenants do not allow for this organization, association, or club to prohibit anyone's use of this lake in that regard. I've argued in my brief, and I think that paragraph 10, in a light construed most favorably to my client, indicates that he becomes a member and shall maintain it by payment of his maintenance charge. But I don't even think that language requires him to stay a member. It just says that he maintains it by paying these fees. It says he shall. It says he shall maintain membership by payment. So why is that not mandatory? Well, I think it says that, I think it could be interpreted to mean that if he doesn't pay it, his membership will be terminated. That he shall maintain it by payment, but if payment isn't made, then he's no longer a member. But it can also be interpreted to mean that if he has to pay it, that he has to be a member of the association. I agree, and I think that in this case, it needs to be construed against the covenant and in favor of my client, because all restrictions on property need to be strictly construed against the restriction. Well, all restrictions on your client's property, but now, again, he's protesting restrictions on property that he concedes he doesn't own. He's also, I guess, protesting, judge the authority of the association, which I think is the issue that is most important, is whether or not this organization can take the action that they've threatened. And I think that they can't because there's nothing in the covenants that allows for them to take that action. Regrettably, which has been made obvious from this oral argument, perhaps we should have discovered who holds title to the lake and what restrictions there are specifically on these lakes. But the evidence as it is, the record as it is, I don't believe that the association has the authority to take any action against my client for using the boat. And I'll close with that. Thank you for your time. Thank you, Mr. Bader. Okay, thank you both for your arguments here this morning. The matter will be taken under advisement. A written disposition shall issue right now. The court will be in a brief recess for a panel change before the next case.